UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 20-cr-10218 |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| GENNARO ANGIULO, | ) | <u>Count One</u>: Failure to Collect or Pay Over Tax |
| | ) | (26 U.S.C. § 7202) |
| Defendant | ) | |
| | ) | <u>Count Two</u>: Evading Cash Transaction |
| | ) | Reporting Requirements |
| | ) | (31 U.S.C. §§ 5324(a)(1) and (d)(2)) |
| | ) | |
| | ) | <u>Forfeiture Allegation</u>: |
| | ) | (31 U.S.C. § 5317(c)(1)) |

<u>INFORMATION</u>

At all times relevant to this Information:

<u>General Allegations</u>

1. The defendant, GENNARO ANGIULO, resided in Massachusetts. ANGIULO owned and operated GJ Towing, Inc. ("GJ Towing"), a vehicle towing and recovery business in Revere, Massachusetts.

<u>Federal Employment Taxes</u>

2. Federal law requires employers to collect and pay over employment taxes. Federal employment taxes consist of income taxes withheld from employee wages and Federal Insurance Contributions Act ("FICA") taxes. FICA taxes, in turn, are made up of Social Security taxes and Medicare taxes. Half of the applicable FICA taxes are withheld from the employee's wages and the other half are paid by the employer. Federal tax law requires employers to account for, collect and pay over to the Internal Revenue Service ("IRS") both the withheld taxes (employee income

taxes and half of the FICA taxes) and the taxes owed by employers themselves (the employers' portion of the FICA taxes).

3. Employers are required to file a Form 941, Employer's Quarterly Federal Tax Return, which is used to report all wages paid to employees and all federal employment taxes withheld on those wages. Employers are required to file Forms 941 for the quarters ending March 31, June 30, September 30, and December 31.

### The Currency Reporting Requirements

4. The United States currency reporting requirements provide that domestic financial institutions are required to file a Currency Transaction Report ("CTR") with the U.S. Department of Treasury for any currency transaction—including, but not limited to, any deposit, withdrawal or exchange—of more than $10,000.

5. For purpose of these requirements, multiple currency transactions are treated as a single transaction if a financial institution has knowledge that the transactions were by, or on behalf of, any person, and the transactions resulted in that person either receiving or depositing more than more than $10,000 during any one business day.

6. CTRs require disclosure of, among other things, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.

### Underreporting of Payroll Tax Fraud Scheme and Currency Structuring

7. For the tax years 2014 through 2017, ANGIULO caused GJ Towing to pay a portion of its employees' wages "under the table" by paying the employees in cash, in order to avoid paying federal employment taxes. ANGIULO funded the payments at least in part by cashing checks received from clients of GJ Towing in groups of checks totaling less than $10,000, and by

withdrawing cash from bank accounts in amounts of less than $10,000, in order to avoid currency reporting requirements. ANGIULO used the cash from these structured transactions to pay employees.

8. In total, ANGIULO structured transactions totaling approximately $3,394,968.

9. For the tax years 2014 through 2017, ANGIULO caused GJ Towing to file IRS Forms 941 that he knew were false in that they underreported the wages received by GJ Towing's employees and the payroll taxes due. In so doing, ANGIULO caused GJ Towing and its employees to underpay federal payroll taxes by at least $1,769,486.

10. In addition, for at least the tax periods from January 2014 through June 2017, ANGIULO caused GJ Towing to fail to pay payroll taxes on the portion of the payroll that the company did report, causing an additional tax loss of at least $1,610,447.

COUNT ONE
Failure to Collect or Pay Over Tax
(26 U.S.C. § 7202)

The United States Attorney charges:

11. The United States Attorney re-alleges and incorporates by reference paragraphs 1-10 of this Information.

12. From in or about October 2016 through in or about January 2017, in the District of Massachusetts and elsewhere, the defendant,

GENNARO ANGIULO,

a person required to collect, account for and pay over any tax imposed under Title 26 of the United States Code, did willfully fail to collect, truthfully account for, and pay over to the Internal Revenue Service the federal income taxes and Federal Insurance Contributions Act taxes due and owing to the United States on behalf of GJ Towing and its employees for the quarter ending December 31, 2016.

All in violation of Title 26, United States Code, Section 7202.

## COUNT TWO
### Evading Cash Transaction Reporting Requirements
### (31 U.S.C. §§ 5324(a)(1) and (d)(2))

The United States Attorney further charges:

13. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 10 of this Information.

14. On or about July 22, 2016, in the District of Massachusetts and elsewhere, the defendant,

**GENNARO ANGIULO,**

did, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, cause and attempt to cause domestic financial institutions to fail to file reports required under Title 31, United States Code, Section 5313(a), and any regulation prescribed thereunder, specifically by causing six checks totaling $9,912 to be cashed at a check casher business in Massachusetts and by himself separately withdrawing $9,500 from the GJ Towing checking account ending in 2099 at Citizens Bank on the same day, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

All in violation of Title 31, United States Code, Sections 5324(a)(1) and (d)(2).

## FORFEITURE ALLEGATION
(31 U.S.C. § 5317(c)(1))

15.     Upon conviction of the offense in violation of Title 31, United States Code, Section 5324, set forth in Count Two, the defendant GENNARO ANGUILO, shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c)(1)(A), all property, real or personal, involved in the offenses and any property traceable to such property.

16.     If any of the property described in Paragraph 15, above, as being forfeitable pursuant to Title 31, United States Code, Section 5317(c)(1)(A), as a result of any act or omission of the defendant:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 15 above. All pursuant to Title 31, United States Code, Section 5317.

/s/ *Sara Miron Bloom*
SARA MIRON BLOOM
Assistant United States Attorney
District of Massachusetts

Dated: September 30, 2020